IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-06-43-1 |
| v. | § | |
| | § | CIVIL ACTION NO. H-17-1667 |
| LEWIS JOSEPH SPENCER. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's *pro se* section 2255 motion to vacate, set aside, or correct his sentence. (Docket Entry No. 56.) The Government filed a motion to dismiss (Docket Entry No. 61), to which Defendant filed a response (Docket Entry No. 64).

Having considered the motions, the response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** habeas relief.

Defendant pleaded guilty to bank robbery, bank robbery with use of a firearm, and using, carrying, brandishing, or discharging a firearm during a crime of violence. He was sentenced to 198 months' federal imprisonment, to be followed by five years' supervised release. Judgment of conviction was entered February 6, 2007. No appeal was taken.

In his section 2255 motion, Defendant seeks re-sentencing pursuant to the Supreme Court's decision in *Dean v. United States*, ___ U.S. ___, 137 S. Ct. 1170 (2017). In *Dean*, the Supreme Court held that section 924(c) does not prevent a sentencing court from considering a mandatory minimum imposed under that provision when calculating an

appropriate sentence for the predicate offense.[1] Defendant contends that, had this Court utilized *Dean* in determining his sentence, it would have imposed a lesser sentence.

Defendant's motion is clearly untimely under section 2255(f)(1). Nearly ten years have elapsed between May 2007 when Defendant's conviction became final and his initiation of this action. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a judgment becomes final under section 2255(f)(1) when the applicable period for seeking direct review of a conviction has expired).

Defendant argues that his motion in timely based on 28 U.S.C. § 2255(f)(3) and *Dean*. His argument is incorrect. Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Because Defendant fails to show that *Dean* announced a newly recognized right made retroactively applicable to cases on collateral review, section 2255(f)(3) has no application to his motion. *See In re Dockery*, 869 F.3d 356 (5th Cir. 2017) (holding that movant seeking authorization to file a successive section 2255 motion did not show that *Dean* announced a new rule of constitutional law that

---

[1] "Congress has made it a separate offense to use or possess a firearm in connection with a violent or drug trafficking crime. 18 U.S.C. § 924(c). That separate firearm offense carries a mandatory minimum sentence of five years for the first conviction and 25 years for a second. Those sentences must be in addition to and consecutive to the sentence for the underlying predicate offense. The question presented is whether, in calculating the sentence for the predicate offense, a judge must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)." *Dean* at 1170.

was made retroactive to cases on collateral review by the Supreme Court). Consequently, his section 2255 motion is barred by limitations.

The Government is entitled to dismissal of Defendant's section 2255 motion as barred by limitations. The Government's motion to dismiss (Docket Entry No. 61) is **GRANTED**, and the section 2255 motion (Docket Entry No. 56) is **DENIED**. A certificate of appealability is **DENIED**.

The Clerk's Office is to **ADMINISTRATIVELY CLOSE** Defendant's related civil case, C.A. No. H-17-1667 (S.D. Tex.).

Signed at Houston, Texas, on this the 27th day of June, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE